IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

NEWPORT NEW DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Criminal No. 4:08cr147 |
| | ) | |
| TERROL SPRUELL | ) | |

**DEFENDANT'S POSITION ON SENTENCING**

Terrol Spruell, with counsel, has reviewed the presentence report and disputes certain facts and advisory calculations therein, as set forth below.

1.	Spruell objects to the attribution of 60 KG of cocaine, creating a drug level 36 (50-150 KG). Spruell admits to his drug deals but submits that a proper calculation places the total weight in the 15-50 KG range, for a drug level of 34. Counsel understands that the U.S. concurs in Spruell's recalculation. (Spruell helped William Foreman supply cocaine to Frederick Bates. The participants all provide ballpark figures for 5 transactions in which Spruell was involved. A fair calculation that takes into account the statements of all cooperating witnesses places the total weight below 50 KG).

2.	Spruell objects to the lack of credit for acceptance of responsibility. Spruell pled guilty. He admitted in open court that he was pleading guilty because he was in fact guilty. He agreed to an inculpatory statement of facts. He asked to cooperate, was debriefed, and volunteered for more debriefs if needed. He admitted his responsibility for his crimes to the probation officer in the presence of counsel. Neither Spruell nor counsel came away with any inkling that the brief discussion (4-5 minutes) with the probation officer was anything but an unequivocal acknowledgment of guilt. Counsel understands that the U.S. concurs that Spruell should receive credit for acceptance of responsibility, and that the U.S. will move for a third point reduction.

3.      Spruell objects to the calculation of 10 criminal history points that place him in category V.  In the event the calculation is technically correct, Spruell moves for a downward departure under §4A1.3(b) of the advisory guidelines, and, in any event, asks the court to consider that the criminal history calculation overstates the nature of his record when viewed under §3553.

4.      Spruell's key prior conviction is for cocaine distribution in 1990 in the Richmond USDC for which he went to prison until 2002.  He receives 3 points for this offense under §4A1.1(a), placing him at a minimum in category II.   Since his release, his convictions are limited to traffic or motor vehicle related misdemeanors: altered registration, driving under suspension (DUS) x3, reckless driving, fictitious tags, altered tags, and contempt (arising from a DUS court date).  Despite the minor nature of these offenses, the PSR tags Spruell with an additional 6 points for them: 1 for altered tags, 1 for DUS, 1 for fictitious tags, 1 for altered tags, and 2 for committing the instant offense while being on a "good behavior" period for a DUS conviction.  A final point comes from committing the instant offense within two years of a violation of supervised release on the 1990 drug conviction for which he served 60 days in 2005.

5.      Spruell should not receive one point for the altered registration conviction from November 17, 2003 for which he received a $50 fine.  The altered registration statute, Va. Code §46.2-613(2), includes the display of a fictitious decal on a car, or the use of a decal on a car known to be issued to another car.  This is a very minor offense less serious than DUS, which would not be counted in this case, per §4A1.2(c)(1), and more akin to a minor traffic infraction, which is never counted, per §4A1.2(c)(2). The same applies to the 2 points given for fictitious tags on September 3, 2008 and September 15, 2008.

6.      All told, Spruell's criminal history category in effect increases from I to II for the prior drug offense, from II to III for the federal supervised release violation, and then jumps two more categories to V for a series of misdemeanor motor vehicle offenses for which he served a total

of 58 days in jail. Realistically, the motor vehicle misdemeanors should not add more than a point to the 3 for the drug offense and 2 more for violating his supervised release. In total, his criminal history category should be III rather than V.

7. Spruell objects to the lack of a two level decrease for a mitigating role in the offense under §3B1.2. Spruell's charge of conviction was conspiracy. In a massive conspiracy that had at least 21 indicted co-conspirators and many others unindicted, Spruell acted as the go-between about half a dozen times for Frederick Bates and William Foreman. Both Bates and Foreman were major cocaine wholesalers who distributed kilos down the chain to street dealers. On occasion when his own supply ran low, Bates asked Spruell to make contact with his (Spruell's) friend Foreman to get him a few kilos. Spruell did so and was paid by Foreman to be the middleman who sold to Bates. Spruell did not buy or sell to other people. Within the larger conspiracy, Spruell played a limited role for which a two level role in the offense decrease is appropriate.

8. Pursuant to Spruell's objections, the advisory guidelines should be recalculated to reflect a two level cut for drug weight, a three level cut for acceptance, and a two level cut for role in the offense, for a total level of 29. His criminal history category should be III. Overall, his advisory guidelines range should be 108-135. Spruell asks the court to sentence him to no greater than 120 months, the applicable mandatory minimum. He understands that he deserves, and will receive, substantial prison time. For his relatively limited role in the matter and his willingness to plead guilty and cooperate, the mandatory minimum provides an appropriate upper range for his crimes.

          TERROL SPRUELL

          By   /s/ Trey R. Kelleter
              Of Counsel

Trey R. Kelleter, VSB No. 41606

VANDEVENTER BLACK LLP
101 West Main Street, Suite 500
Norfolk, Virginia  23510
Telephone:  (757) 446-8697
Facsimile:   (757) 446-8670
E-Mail Address:   tkelleter@vanblk.com


CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2009 I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Howard J. Zlotnik, Esq.
> U.S. Attorney's Office
> Fountain Plaza Three
> 721 Lake Front Commons, Suite 300
> Newport News, Virginia  23606
> Telephone:  (757) 591-4000
> Facsimile:   (757) 591-0866
> E-Mail Address:  howard.zlotnick@usdoj.gov

I also certify that on November 4, 2009 I sent a copy via US mail to Amber D. Kidd, Senior U.S. Probation Officer, Suite 200, U.S. Courthouse, 600 Granby Street, Norfolk, VA 23510.


                  /s/ Trey R. Kelleter
                 Counsel for Terrol Spruell
                 VSB No. 41606
                 VANDEVENTER BLACK LLP
                 101 West Main Street, Suite 500
                 Norfolk, Virginia  23510
                 Telephone:  (757) 446-8697
                 Facsimile:   (757) 446-8670
                 E-Mail Address:   tkelleter@vanblk.com