IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case NO. 4:08CR147-001 |
| v. ) | |
| ) | |
| TERROL SPRUELL, ) | |
| ) | |
| Defendant. ) | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING FACTORS**

The United States of America, through its attorneys, Neil H. MacBride, United States Attorney, and Howard Zlotnick, Assistant United States Attorney, submits its response to defendant TERROL SPRUELL'S Position with Respect to Sentencing Factors.

In accordance with the Sentencing Order entered herein and with Section 6A1.2 of the *Sentencing Guidelines and Policy Statements*, the government hereby represents that it has reviewed the Probation Office's Presentence Investigation Report (PSR), and sets forth it's position on sentencing as follows:

On July 28, 2009, the defendant, TERROL SPRUELL, pled guilty to count one of an indictment charging him with conspiracy to possesses with intent to distribute and distribute 5 kilograms or more of cocaine in violation of Title 21, United States Code, Section 846 and 841(a)(1) and (b)(1)(A)(ii)). Sentencing is scheduled for November 12, 2009. The defendant's PSR provides for a Base Offense Level of 36 at a Criminal History Category V resulting in an advisory guideline range of 292 to 365 months. The PSR denied the defendant acceptance of responsibility. The Government believes the defendant should be at a Base Offense Level of 34, receive a three level reduction for acceptance of responsibility, resulting in an Offense Level Total of 31 with an advisory range of 168

to 210 months.

1. **Motion Regarding Acceptance of Responsibility**

The United States moves this Court pursuant to U.S.S.G. §3E1.1(b) to grant an additional one-level reduction in the offense level for acceptance of responsibility. The government states that the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying the United States of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and allowing the United States and the court to allocate their resources efficiently.[1]

2. **Response to Defendant's Objection to the Presentence Report**

The defendant objects to being attributed with 60 kilograms of cocaine in ¶ 40 and Worksheet A of the PSR. The PSR calculates the drug quantity at a Base Offense Level of 36. The Government submits these drug weights are based upon the Government's investigative reports. Nevertheless, the Government does not object to amending the drug weight from 50 kilograms but less than 150 kilograms of cocaine as stated on Worksheet A, to 15 kilograms but less than 50 kilograms of cocaine resulting in a Base Offense Level of 34. In turn, with acceptance of responsibility points, his adjusted offense level would be reduced to 31 with an advisory guideline range of 168 to 210 months.

In his position paper, filed on November 4, 2009, the defendant also objected to the failure of the PSR to adjust the advisory guidelines downward for a mitigating role in the offense under

---

[1]The Government understands how the Probation Officer concluded the defendant minimized the length of his involvement. Clearly the defendant communicated poorly and the interview did not go well. Nevertheless the defendant signed a statement of facts and his assistance with authorities continues. He does admit his criminal involvement during 2008.

2

U.S.S.G. § 3B1.2. The defendant contends he was a minor participant because he was merely a middleman and "acted as the go between about half a dozen times for Frederick Bates and William Foreman." Def's. Position Paper, p. 3. Thus, the defendant objects to PSR ¶ 39 which states in part, "there are no aggravating or mitigating adjustments for Spruell's role in the offense." Pursuant to the following analysis and discussion, the United States submits that the probation officer properly calculated the advisory guideline range and the defendant was not entitled to a mitigating role adjustment downward.

In the instant case, SPRUELL participated in this conspiracy for a protracted period of time, from late 2005 (by his own admission early 2006) through August 2008. ¶¶ 39 and 42. SPRUELL introduced Bates to Foreman to facilitate Bates obtaining cocaine from Foreman. ¶ 29 and 42. SPRUELL supplied cocaine to Bates five times. ¶ 42 In fact, SPRUELL acknowledges participating in supplying Bates substantial quantities (15 but less than 50 kilograms) of cocaine. SPRUELL also participated with Foreman in sending 10 kilograms of cocaine to Hampton, Virginia from California. ¶¶ 32 and 33. He sent two protective text messages warning his conspirators about the investigation, to-wit: On July 17, 2008 SPRUELL sent a text message to Bates stating," Red hot alert do not talk or walk w PJ at all!!!!!!!!!!! Just got the call." ¶ 34 On August 3, 2008 SPRUELL sent another text message to Bates stating "Homeland Security dropped by along w other alphabet types ...they have not caught up bur r looking ... allegedly. ¶ 34. These numerous overt acts negate a minor participant role because they establish SPRUELL as a recruiter and supplier. He introduced Foreman into the conspiracy, assisted Foreman in supplying Bates, and demonstrate a deep involvement in the conspiracy.

Section 3B1.2 provides for a reduction in the defendant's offense level if the defendant was a

3

minimal participant, a minor participant, or if the defendant's conduct falls somewhere in between these two ends of the mitigation spectrum. The defendant bears the burden of proving his mitigating or minor role by a preponderance of the evidence. *United States v. Urrego-Linares*, 879 F.2d 1234 (4th Cir. 1989).

The appropriateness of a mitigating role adjustment is determined under a two-part test. First, the court determines the relative culpability of the participants, and second, the court must measure each participant's individual acts and relative culpability against the elements of the offense. *United States v. Daughtrey*, 874 F.2d 213 (4th Cir. 1989). The Fourth Circuit has upheld the refusal of a reduction where the defendant was far less culpable than other participants, stating that fact was not sufficient to merit the reduction. *United States v. Reavis*, 48 F.3d 763, 769 (4th Cir. 1995). The critical inquiry rests in whether the defendant's conduct was material or essential to the commission of the offense. *United States v. Palinkas*, 938 F.2d 456, 460 (4th Cir. 1991).

Reductions for a mitigating or minor role fall into three categories. A four level reduction is given where a defendant is a minimal participant as defined by the application notes. A two level reduction is given when a defendant is a minor participant. A three level reduction is given when the defendant falls somewhere in between. A minimal participant is one which is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, Comm., n. 1. Lack of knowledge or understanding of the scope of the conspiracy is indicative of a minimal role. *Id.* A minor participant is one who is less culpable than most other participants, but whose role could not be described as minimal. *Id.,* Comm., n. 3. The Application Notes provide that the four level reduction is rarely applicable. *Id.,* at Comm., n 2. Application Note 3(C) states the determination of whether to apply a particular adjustment described in Section 3B1.2 is "heavily

4

dependent upon the facts of the particular case" based upon "the totality of the circumstances." Comm., n. 3(C).

The defendant's mere assertion that he was less culpable than the other participants in the conspiracy is not enough to qualify for a reduction. *See Reavis*, 48 F.3d at 769. The defendant must demonstrate also, by a preponderance of the evidence, that his relative culpability warrants a reduction as measured against the elements of the offense. *Id.* The Fourth Circuit has found that even merely driving activity, coupled with the defendant's knowledge, is insufficient to support a minor participant adjustment. *See United States v. Terry*, 86 F.3d 353, 358 (finding that it was not error to refuse minor participant adjustment for defendant whose involvement was to drive his confederates to and from scenes of crime while knowing of their plans). As the defendant has not met his burden of establishing the basis for a mitigating role reduction, this objection should be denied.

### 3. Motion for a Downward Departure

Defendant objects to Worksheet "C," assessing some 10 criminal history resulting in a Criminal History Category V, and claims that, pursuant to U.S.S.G. § 4A1.3(b), a downward departure of sentencing is warranted. The defendant also objects to the imposition of numerous points based upon his repeated traffic violations. Def's. Position Paper, p. 2. He argues that his Criminal History Category is over represented and should be III rather than V as set forth in the PSR. Def's. Position Paper, p. 3. The Government does not object to a downward departure based upon the minor offenses over representing his criminal history, but submits the departure should be to Criminal History Category IV.

Under U.S.S.G. § 4A1.3 a sentencing court has discretion to depart downward in those cases

where the court concludes that a defendant's criminal history "substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. The application notes to U.S.S.G. § 4A1.3 provided the example of a defendant who "had two minor misdemeanor convictions close to the ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period" as an appropriate case for a downward departure. Downward departures have been upheld on the grounds whereby a defendant's criminal history involving a series of minor offenses result in an overstating of the defendant's criminal history. *See United States v. Summers*, 893 F.2d 64 (4th Cir. 1990). Overstating the seriousness of a defendant's criminal history is a well-recognize justification for downward departure. *See, e.g., United States v. Hall*, 977 F.2d 861 (4th Cir. 1992). Because the objected offenses are not felonies or crimes of violence, they are not of a nature to be qualified as serious criminal offenses and, therefore, justify a downward departure pursuant to U.S.S.G. § 4A1.3.

The United States agrees, pursuant to U.S.S.G. § 4A1.3., that the defendant's Criminal History Category should be reduced, as the cited offenses in Defendant's Position paper may not be of a serious enough nature to qualify him as a category V defendant. However, the Government disagrees with placing him at Criminal History Category III and submits he should be placed in Criminal History Category IV.

This case is the defendant's second felony drug conviction. Also, the repeated violations of traffic laws include driving on a suspended license 3rd offense and fictitious and altered registrations. The defendant showed a lack of respect for the law by engaging in this activity while under a federal sentence. The defendant was convicted in April 1988 of Brandishing a Firearm which if counted, would have resulted in the assessment of another 1 point. Therefore, with the 3 points for

6

the federal drug conviction, the 2 points for committing the instant offense while under a criminal justice sentence and the 1 point for committing an offense within two years of release the total of 7 points would place the defendant in Criminal History Category IV.

                                              NEIL H. MACBRIDE
                                              UNITED STATES ATTORNEY

                                              Respectfully submitted,
                                     by    /s/
                                              Howard J. Zlotnick
                                              Assistant United States Attorney
                                              Attorney for the United States
                                              United States Attorney's Office
                                              Fountain Plaza Three, Suite 300
                                              721 Lakefront Commons
                                              Newport News, Virginia 23606
                                              Phone: 757/591-4000
                                              Fax: 757/591-0866
                                              Email: Howard.Zlotnick@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Trey Kelleter
    Counsel for the Defendant
    VANDEVANTER BLACK LLP
    101 West Main Street, Suite 500
    Norfolk, Virginia 23510
    Tel.: (757) 446-8697
    Fax: (757) 446-8670
    Email:tkelleter@vanblk.com

And I hereby certify that I have served the document by facsimile to the following non-filing user:

    Amber Kidd
    U.S. Probation Officer
    600 Granby Street, Suite 200
    Norfolk, VA 23510
    Tel. (757) 222-7300
    Fax: (757) 222-7350

    by    /s/
    Howard J. Zlotnick
    Assistant United States Attorney
    Attorney for the United States
    United States Attorney's Office
    Fountain Plaza Three, Suite 300
    721 Lakefront Commons
    Newport News, Virginia 23606
    Phone: 757/591-4000
    Fax: 757/591-0866
    Email: Howard.Zlotnick@usdoj.gov